UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC BROWN,

                Petitioner,          Case No. 2:18-cv-12918
                                                      Hon. Gershwin A. Drain

v.

PATRICK WARREN,

                Respondent.
_____/

## **OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS, (2) DENYING CERTIFICATE OF APPEALABILITY, AND (3) DENYING PERMISSION TO APPEAL IN FORMA PAUPERIS**

      Eric Brown ("Petitioner") filed this habeas case under 28 U.S.C. § 2254. Petitioner pled guilty in the Marquette Circuit Court to larceny from a person, MICH. COMP. LAWS § 750.357, and to being a fourth-time habitual felony offender. He was sentenced to ten to thirty years' imprisonment. The petition raises a single claim: Petitioner' sentence was disproportionate and unreasonable in violation of the Fifth, Eighth, and Fourteenth Amendments. The claim is without merit. The Court will deny the petition, and it will also deny a certificate of appealability and permission to appeal in forma pauperis.

# I. Background

Petitioner was originally charged with armed robbery, assault with intent to do great bodily harm, and larceny from a person.

The facts of this case involved Petitioner and his co-defendant meeting Cassandra Koval under the guise of completing a drug transaction. When they met with Koval, Petitioner pulled out a gun and demanded money. He obtained $185.00, and then kicked Koval in the stomach. Dkt. 10-3, at 19.

On May 26, 2017, Petitioner pled no contest to larceny from a person and with being a fourth-time habitual felony offender pursuant to an agreement that dismissed the other charges. Dkt. 10-2. There was no sentence agreement.

On July 21, 2017, he was sentenced to serve ten to thirty years in prison. Dkt. 10-3, at 22.

Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals. His application raised one claim:

> I. Defendant-Appellant Eric Brown's sentence was disproportionate and unreasonable, in violation of US Const, Ams V, VIII, XIV; Const 1963, art 1, § 17.

The Michigan Court of Appeals denied the application for leave to appeal "for lack of merit in the grounds presented." *People v. Brown*, No. 340836 (Mich. Ct. App. December 20, 2017). Petitioner s filed an application for leave to appeal in the

Michigan Supreme Court which was denied by standard form order. *People v. Brown*, 915 N.W.2d 462 (Mich. 2018) (Table).

## II. Standard of Review

28 U.S.C. § 2254(d)(1) curtails a federal court's review of constitutional claims raised by a state prisoner in a habeas action if the claims were adjudicated on the merits by the state courts. Relief is barred under this section unless the state court adjudication was "contrary to" or resulted in an "unreasonable application of" clearly established Supreme Court law.

"Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

## III. Analysis

Petitioner claims that the trial court violated his Fifth, Eighth, and Fourteenth Amendment rights by sentencing him to a term of imprisonment disproportionate to the severity of his crime.

3

Generally, a non-capital sentence that falls within statutory limits is not grounds for habeas relief. *Townsend v. Burke*, 334 U.S. 736, 741 (1948). Petitioner argues that his sentence was "highly excessive, considering [his] background and the facts of this case." Dkt. 1, Brief at 11-12. However, Petitioner had no Fifth or Fourteenth Amendment right to individualized sentencing or to have the court consider mitigating evidence. *Hynes v. Birkett*, 526 F. App'x 515, 521-22 (6th Cir. 2013). Nor does Petitioner explain what in his background—comprised as it is of an extensive resume of criminal activity—necessitated a more lenient sentence.

Petitioner's claim that his sentence is disproportionate is also meritless. "The Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (quoting *Solem v. Helm*, 463 U.S. 277, 288 (1983)). The Sixth Circuit's narrow-proportionality principle recognizes that "only an extreme disparity between crime and sentence offends the Eighth Amendment." *Cowherd v. Million*, 260 F. App'x 781, 785 (6th Cir. 2008) (quoting *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000)).

Petitioner's sentence was not grossly disproportionate. The maximum sentence of thirty years did not exceed the statutory maximum. The minimum sentence accorded with the advisory guidelines and was based not only on the fact

that Petitioner robbed and kicked the victim at gunpoint, but also because of his extensive criminal history punctuated by multiple periods of incarceration. See Dkt. 10-3, at 20-21. There was nothing grossly disproportionate about Petitioner's sentence.

As Petitioner's claim is without merit, the petition will be denied.

**IV. Certificate of Appealability**

In order to appeal the Court's decision, Petitioner must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(2). The applicant is required to show that reasonable jurists could debate whether the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Here, jurists of reason would not debate the Court's conclusion that Petitioner has failed to demonstrate entitlement to habeas relief with respect to his claim because it is devoid of merit. Therefore, a certificate of appealability will be denied.

If Petitioner chooses to appeal he may not proceed in forma pauperis because an appeal of this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

**V. Conclusion**

Accordingly, the Court 1) **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus, 2) **DENIES** a certificate of appealability, and 3) **DENIES** permission to proceed in forma pauperis on appeal.

SO ORDERED.

Dated: June 11, 2019

s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

CERTIFICATE OF SERVICE
Copies of this Order were served upon attorneys of record on
June 11, 2019, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager